UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DONALD EARL BRUNNER,<br><br>   Plaintiff,<br><br>v.<br><br>PAYSON CITY POLICE DEPARTMENT, et al.,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 36)**<br><br>Case No. 2:24-cv-00339<br><br>Magistrate Judge Daphne A. Oberg |

  Plaintiff Donald Earl Brunner filed this action without an attorney and *in forma pauperis* (without paying the filing fee).[1]  Mr. Brunner now moves for appointment of counsel.[2]  Because the applicable factors do not support appointment of counsel under the circumstances presented here, the motion is denied.

  While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4]  Appointment of counsel in civil cases is left to the court's discretion.[5]  Indigent parties in

---

[1] (*See* Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 4; Compl., Doc. No. 5.)

[2] (Mot. to Appoint Counsel to Assist in Civil Case Pro Bono Program ("Mot. to Appoint Counsel"), Doc. No. 36.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

1

civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Considering these factors, appointment of counsel is unwarranted at this stage. Mr. Brunner asks the court to appoint counsel because he is indigent and "needs legal help."[8] He also states "[t]his is a civil rights violations case and justice must be served."[9] However, it is not yet clear whether Mr. Brunner's claims are meritorious, and the factual and legal issues raised in Mr. Brunner's complaint do not appear unusually complex. Further, based on a review of the complaint and Mr. Brunner's other filings in this case (including multiple motions), Mr. Brunner appears capable of presenting his claims. For all these reasons, Mr. Brunner has not demonstrated appointment of counsel is warranted at this stage.

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (Mot. to Appoint Counsel 1, Doc. No. 36.)

[9] (*Id.* at 1–2.)

Accordingly, the court DENIES Mr. Brunner's motion for appointment of counsel.[10]

DATED this 12th day of July, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[10] (Doc. No. 36.)